**3**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Ian J. Quinn #342754
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com
         iquinn@wjhattorneys.com

Attorneys for Debtor in Possession, KEWEL K. MUNGER dba MUNGER INVESTMENTS

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>KEWEL K. MUNGER dba MUNGER INVESTMENTS,<br><br>    Debtor in Possession.<br><br>SSN#: xxx-xx-8195<br>Address: 2907 Oakley Street<br>         Bakersfield, CA 93311 | Case No. 24-12709<br><br>Chapter 11<br><br>DC No.: WJH-15<br><br>Date: January 15, 2025<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>       Courtroom 11<br>       Fresno, CA 93721<br>Judge: Honorable Jennifer E. Niemann |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362 TO PROCEED WITH ARBITRATION
(BALDEV MUNGER ARBITRATION)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    Kewel K. Munger dba Munger Investments (the "Debtor") hereby respectfully files this Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 to Proceed with Arbitration (Baldev Munger Arbitration) (the "Motion") pursuant to written stipulation.

    This Motion is filed pursuant to 11 U.S.C. § 362(d)(1), and B.R. 4001(d) and 9014. This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 1334.

    The Debtor files the Motion as follows:

1. The Debtor has filed a voluntary petition pursuant to Title 11 of the United States Code.

2. Prior to Debtor filing his voluntary petition, Baldev (David) Munger ("David") served a Demand for Arbitration on Debtor and Munger Bros., LLC on or about September 6, 2024, demanding arbitration through the American Arbitration Association of a dispute between David and Debtor (the "Arbitration"), both of whom are members of Munger Bros., LLC a California limited liability company ("Munger Bros.").

3. Debtor, David, and Munger Bros. (collectively, the "Parties") entered into a Stipulation for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 to Proceed with Arbitration (the "Stipulation") on or about December 3, 2024. The Stipulation reflects the Parties' agreement to grant relief from the automatic stay so the Arbitration may proceed to conclusion, subject to Bankruptcy Court approval. Pursuant to the Stipulation, the amount of any claim against Kable could be determined in the arbitration, but no enforcement of such claims will occur unless and until further relief is granted by the Bankruptcy Court. A copy of the Stipulation is attached to the Declaration of Kewel Munger in Support of the Motion at, Exhibit A thereto.

4. Debtor asserts that cause exists to grant relief from the stay pursuant to 11 U.S.C. § 362(d)(1) because the Parties consent to granting relief from the stay.

5. The Federal Arbitration Act (the "FAA") requires federal courts to enforce valid arbitration agreements in commercial contracts. *See* 9 U.S.C. §§ 2, 3. The FAA creates "a liberal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983).

6. In the Ninth Circuit, in core proceedings, bankruptcy courts have "discretion to decline to enforce an otherwise applicable arbitration provision **only if** arbitration would conflict with the underlying purposes of the Bankruptcy Code." *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1021 (9th Cir. 2012) (emphasis added). The Arbitration concerns core proceedings, specifically, the allowance or disallowance of claims against the Estate. 11 U.S.C. § 157(a)(2)

7. A "principal purpose of the Bankruptcy Code is to provide debtors and creditors with 'the prompt and effectual administration and settlement of the [debtor's] estate." *Moses v.*

*CashCall, Inc.*, 781 F.3d 63, 72 (4th Cir. 2015) (quoting *Katchen v. Landy,* 382 U.S. 323, 328 (1966)). The federal policy favoring arbitration stems from "Congress's view that arbitration constitutes a *more efficient* dispute resolution process than litigation." *Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (emphasis added). Debtor asserts that permitting the Arbitration to continue to conclusion is in line with the this fundamental purpose of the Bankruptcy Code—Debtor believes the dispute can be resolved in a much more expeditious manner via Arbitration than in the Bankruptcy Court.

8. The Motion is supported by the Notice of Motion, Declaration of Kewel Munger in Support of the Motion (the "Declaration") and the exhibits thereto.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting relief from the automatic stay to permit arbitration of the dispute between Debtor and David to continue with the American Arbitration Provision and grant such other and further relief as is just and proper.

Dated: December __3__, 2024                WANGER JONES HELSLEY

By: _Riley C. Walter_
Riley C. Walter
Ian J. Quinn
Attorneys for Debtor in Possession,
KEWEL K. MUNGER dba MUNGER INVESTMENTS